1

2

3

4

5

6

7

8

United States District Court

9

Eastern District of California

10

11

12

Jerry Doran,

       )  No. CIV. S-04-0003 FCD/CMK

13

       Plaintiff,

       )

       )  Order re:  Plaintiff's Motion for

14

       vs.

       )  Turnover Order of Property[1]

       )

15

JJ Motels dba Super 8 Motel,

       )

       )

16

       Defendant.

       )

17

       )

18

       )

19

_____ )

20

**BACKGROUND**

21

      On May 23, 2005, this court entered a judgment for plaintiff Jerry

22

Doran ("plaintiff") as judgment creditor against defendant/debtor JJ Motels

23

dba Super 8 Motel ("defendant"), in the amount of $16,000 for damages.

24

(Ex. A to Pl.'s Mtn., filed Dec. 8, 2008 [Docket #47].)  On August 26,

25

2005, a second judgment in the amount of $26,898.88 for attorneys' fees

26

27

[1]  Plaintiff filed the instant motion, setting the matter for hearing on February 20, 2009.
However, the court finds that oral argument will not be of material assistance, and it
therefore submits the motion on the papers.  E.D. Cal. L.R. 78-230(h).

28

was entered for plaintiff and against defendant.   (Id. at Ex. B.)   On September 4, 2008, two Writs of Execution of Judgment, pursuant to Section 699.510 of the California Code of Civil Procedure, were issued for the recovery of these outstanding debts.   (Id. at Ex. C and D.)   To date, defendant has not fulfilled its obligation under these judgments.   Plaintiff therefore seeks a turnover order from the court requiring defendant to turnover title of real property so that it may be auctioned off to satisfy the judgments.

## DISCUSSION

The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Procedure, which states:

> Process to enforce a judgment for the payment of money *shall be a writ of execution*, unless the court directs otherwise.  The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution *shall be in accordance with the practice and procedure of the state in which the district court is held*, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a) (emphasis added).   Post-judgment enforcement proceedings in this court must comply with California law.  *Credit Suisse v. United States Dist. Court*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996).  Section 699.040 of the California Code of Civil Procedure, entitled "Turnover order in aid of execution," provides in pertinent part that:

(a) If a writ of execution is issued, the judgment creditor may apply to the court *ex parte*,[2] or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:

    (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.

    (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.

(b) The court may issue an order pursuant to this section upon a showing of need for the order.

(c) The order shall be personally served on the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court.

Cal. Code Civ. Proc. § 699.040.  Here, plaintiff is entitled to a turnover order, as both judgments for the payment of money and writs of execution have been obtained, yet the debtor, despite having full knowledge of the amounts owed and these collection efforts, refuses to satisfy its obligations.

## CONCLUSION

For the foregoing reasons and for good cause shown, this court **GRANTS** plaintiff's motion for turnover order.  Defendant shall have twenty-one (21) days from the date of this Order to transfer title of the real

---

[2] Here, plaintiff regularly noticed its motion.  However, defendant failed to file an opposition or statement of non-opposition to the motion, as required by the Local Rules.  E.D. Cal. L.R. 78-230(c).  While normally the court would issue an order to show cause to defendant for such failure, because the governing statute permits issuance of the requested order *ex parte*, the court renders its decision without a response from defendant.

1  property located at 140 East Hillcrest Drive, Auburn, CA, 95603-31052,

2  Placer County Assessor's Parcel Number 054-171-010-000, to plaintiff, so

3  that the property may be auctioned off to satisfy the subject judgments.

4

5  Dated:  February 23, 2009

6

7  _____

   FRANK C. DAMRELL, JR.

8      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28