UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DORAN,<br><br>  Plaintiff,<br><br>  v.<br><br>JJ MOTELS,<br><br>  Defendant. | No. 2:04-cv-00003-DAD-DMC<br><br>ORDER GRANTING THE PARTIES' STIPULATION TO VACATE THE AMENDED TURNOVER ORDER<br><br>(Doc. No. 56) |

     On January 5, 2004, plaintiff Jerry Doran initiated this action against defendant JJ Motels alleging violations of Title III of the Americans with Disabilities Act and related state laws at the Super 8 Motel located in Auburn, California. (Doc. No. 1.) On May 23, 2005, the previously assigned district judge granted plaintiff's motion for summary judgment in his favor, which defendant did not oppose, (Doc. Nos. 16, 24), and entered judgment in favor of plaintiff. (Doc. No. 26.) In that order, the court awarded plaintiff $16,000.00 in damages and also granted various forms of injunctive relief. (*Id.* at 2–7.) On August 26, 2005, the court also granted plaintiff's motion for attorneys' fees, (Doc. No. 29), and awarded plaintiff fees in the amount of $26,898.88. (Doc. No. 38 at 3.)

     On August 29, 2008, plaintiff filed applications for writs of execution, along with a declaration in support of accrued interest, stating that the 2005 judgments had remained unpaid

1

1  for approximately three years.  (Doc. Nos. 41, 42, 43.)  Such writs were issued by the court on
2  September 4, 2008.  (Doc. No. 44.)  On December 8, 2008, plaintiff filed a motion seeking
3  turnover of defendant's property so that it could be auctioned off in order to satisfy the
4  judgments.  (Doc. No. 47.)  In that motion, plaintiff explained that he had obtained judgments and
5  writs of execution but that defendant, despite having full knowledge of the amounts it owed and
6  the collection efforts plaintiff had made, was refusing to satisfy its obligations.  (*Id*. at 4.)  On
7  February 23, 2009, the previously assigned district judge granted plaintiff's motion seeking
8  turnover of defendant's property and permitted defendant twenty-one days in which to transfer
9  title of the real property located at 140 East Hillcrest Drive, Auburn, CA, 95603-31052, Placer
10 County Assessor's Parcel Number 054-171-010-000,[1] to plaintiff, so that the property could be
11 auctioned off to satisfy the judgments plaintiff had obtained.  (Doc. No. 49 at 3–4.)  The
12 following day, the court amended this order to also include Parcel Number 054-171-009-000.[2]
13 (Doc. No. 51 at 2.)
14      On August 4, 2025, this action was reassigned to the undersigned.  (Doc. No. 55.)  That
15 same day, defendant filed two acknowledgements of satisfaction of judgment signed by plaintiff.
16 (Doc. Nos. 53, 54.)[3]  On August 5, 2025, the parties filed a stipulation to vacate the amended
17 turnover order, explaining that on March 10, 2009, the parties had entered into a settlement
18 agreement to fully and finally resolve all outstanding judgments and claims between them, and
19 that defendant fully complied with that settlement agreement by making two payments of $25,000
20 on March 17, 2009 and April 17, 2009.  (Doc. No. 56 at 3.)  In their stipulation, the parties agree
21 that the amended turnover order is no longer necessary or equitable because the judgments it was
22 intended to enforce have been fully satisfied and the continued existence of the order imposes an

---

[1]  Parcel Number 054-171-010-000 is associated with the parking lot of the hotel that was the subject of this litigation.  (Doc. No. 51 at 1.)

[2]  Parcel Number 054-171-009-000 is associated with the actual hotel that was the subject of this litigation.  (Doc. No. 51 at 2.)

[3]  It is the court's understanding that defendant filed these acknowledgments on plaintiff's behalf because "Plaintiff's attorney of record, Lynn Hubbard, III, is now deceased, and Plaintiff is proceeding in pro per in this matter."  (Doc. No. 56 at 4.)

undue burden on defendant. (*Id*. at 4.) On August 7, 2025, counsel for defendant contacted the undersigned's chambers and requested an expedited ruling on this stipulation, informing court staff that the property at issue is currently in escrow.

Accordingly, pursuant to the stipulation of the parties and good cause appearing,

1. The parties' stipulation (Doc. No. 56) is hereby GRANTED;
2. The amended turnover order entered on February 24, 2009 (Doc. No. 51) is VACATED;
3. The acknowledgements of satisfaction of judgment (Doc. Nos. 53, 54) submitted by defendant and executed by plaintiff on his own behalf are deemed filed and the underlying judgments are deemed satisfied; and
4. The liens associated with the following recorded judgments are deemed released:
   a. Recorded Judgment No. 2005-0139799, recorded on October 18, 2005, against Assessor's Parcel Number 054-171-010-000 (*see* Doc. No. 54 at 1);
   b. Recorded Judgment No. 2008-0056329-00, recorded on July 11, 2008, against Assessor's Parcel Number 054-171-009-000 (*see* Doc. No. 53 at 1); and
   c. Recorded Judgment No. 2008-0056331-00, recorded on July 11, 2008, against Assessor's Parcel Number 054-171-009-000 (*see* Doc. No. 54 at 1).

IT IS SO ORDERED.

Dated: **August 7, 2025**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE